**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES FAJFAR, | ) | CASE NO. 1:11-cv-02524 |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE GREG WHITE |
| CLEVELAND ELECTRIC ILLUMINATING CO., | ) ) ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

**I.  Procedural Background**

On October 27, 2011, Plaintiff James Fajfar (hereinafter "Plaintiff") filed an Amended Complaint in the Cuyahoga County Court of Common Pleas, alleging a breach of contract claim against his former employer, the Cleveland Electric Illuminating Company (hereinafter "Defendant").[1]  (ECF No. 1-2, Exh. B.)  Generally, Plaintiff alleges that Defendant, by terminating his employment, violated a "Last Chance Agreement" that he and Defendant entered into after he failed a drug test on or about April 18, 2011. *Id*. at ¶¶3-11.  On November 21, 2011, Defendant filed a Notice of Removal.  (ECF No. 1.)

On November 23, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rule of

---

[1] Defendant asserts that it has not been served with a copy of the Amended Complaint and does not concede that proper service was accomplished.  (ECF No. 4, note 1.)  Nonetheless, Defendant's Motion to Dismiss is premised upon the allegations contained in the Amended Complaint.

Civil Procedure 12(b)(6) and 29 U.S.C. § 185(a). (ECF No. 4.) On December 27, 2011, Plaintiff filed a brief in opposition, to which Defendant replied on January 12, 2012. (ECF Nos. 7 & 9.) The Court held a telephone conference on February 8, 2012, addressing said motion. Plaintiff was given two weeks, until February 22, 2012, to file an additional brief.[2] (ECF No. 12.)

Plaintiff did not submit additional briefing, but instead, on February 22, 2012, filed a Motion to Amend his Complaint pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), indicating that he wished to add a new party. (ECF No. 13.) Alternatively, Plaintiff asked to dismiss this action without prejudice. *Id.* On March 2, 2012, Defendant filed a brief opposing Plaintiff's motions to amend or dismiss without prejudice. (ECF No. 14.)

## II. Motion to Amend

Plaintiff asserts that he is entitled to amend the complaint pursuant to Rule 15(a)(1). (ECF No. 13 at 2.) Rule 15 reads as follows:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendant filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") on November 23, 2011. (ECF No. 4.) Plaintiff contends that such a motion is not a "responsive pleading." (ECF No. 13.) Nonetheless, Plaintiff overlooks the

---

[2] The Court granted Plaintiff additional time to file a further response, as his initial response was insufficient and cited no legal authority.

2

remaining language in Rule15(a)(1)(B), which requires amending a pleading within 21 days after service of a motion under Rule 12(b). As such, Plaintiff was only entitled to amend as a matter of course until December 14, 2011.

Therefore, Plaintiff's motion to amend is governed by Rule 15(a)(2) which states: "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). Delay alone is not a sufficient reason to deny leave to amend, but notice and substantial prejudice are critical factors in the determination. *Id.*" *Partner & Partner, Inc. v. Exxonmobil Oil Corp.*, 326 Fed. Appx. 892, 899 (6th Cir. 2009). Nonetheless, "it is well settled law that [a] district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986) (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In other words, where the amendment would be futile, there is no reason to allow it. *See, e.g., Frank v. Dana Corp.*, 2009 U.S. Dist. LEXIS 77030 at *43 (N.D. Ohio Aug. 25, 2009).

Here, Defendant has not consented to amending the pleading and adamantly maintains that Plaintiff's motion to amend should be denied as futile. (ECF No. 14 at 2.) Defendant's motion to dismiss raised a compelling argument that Plaintiff's breach of contract claim is

3

preempted by § 301(a) of the Labor-Management Relations Act, 29. U.S.C. § 185(a). Specifically, Plaintiff's allegation – that Defendant violated an agreed upon Last Chance Agreement – amounts to an allegation that Defendant violated the collective bargaining agreement between it and the union to which Plaintiff belongs. (ECF No. 4 at 3-4.) Defendant's argument finds strong support in the law which is cited in its motion. *See, e.g., Winters v. Ford Motor Co.*, 2006 U.S. Dist. LEXIS 90243, 12-13 (E.D. Mich. Dec. 12, 2006) ("where a purported state law claim requires interpretation of, or is substantially dependent on, a pertinent collective bargaining agreement or other superseding contract between an employer and a labor organization – such as a last chance agreement – federal labor law must be used to resolve the dispute. If not, the claim(s) must be dismissed.")

Plaintiff failed to cite any law in its brief in opposition to Defendant's motion to dismiss and failed to ameliorate this shortcoming despite specifically being given the opportunity to do so by this Court after the telephone conference held on February 8, 2012. Moreover, Plaintiff's proposed amendment fails to set forth any new allegations that would clearly cure the potential shortcomings in the existing complaint.[3] By failing to brief the legal issues involved and failing

---

[3] Plaintiff does not identify who the additional party would be in any proposed amended complaint. Even if the Court assumes that Plaintiff wishes to add his former union as a defendant so he could maintain a hybrid § 301 action, it is still unclear, without more, how such an action could survive. In his motion opposing dismissal, Plaintiff attached a letter from the union indicating his grievance was "withdrawn without prejudice." (ECF No. 7.) A § 301 claim requires a demonstration that a union breached its duty of fair representation. *Winters*, 2006 U.S. Dist. LEXIS 90243 at *14. In the Sixth Circuit, a plaintiff must "show that internal union remedies were exhausted, or were futile, before allowing them to litigate a claim alleging a union's breach of the duty of fair representation." *Chapman v. UAW Local 1005*, 2012 U.S. App. LEXIS 4159 (6th Cir., Mar. 1, 2012) (*citing Monroe v. Int'l Union, UAW*, 723 F.2d 22, 25-26 (6th Cir. 1983)).

to explain any of the new factual allegations that would be contained in an amended complaint, Plaintiff has deprived the Court of the ability to determine whether the requested amendment would be futile. Essentially, the Court has already taken the generous step of giving the Plaintiff a second bite at the apple through further briefing – a second chance that Plaintiff failed to take advantage of. Under these circumstances, the Court cannot find that the interests of justice requires allowing an amendment to the pleadings. Therefore, Plaintiff's Motion to Amend the Complaint (ECF No. 13) is denied.

### III. Motion to Dismiss

Nonetheless, Plaintiff has also moved this Court for a dismissal *without* prejudice. (ECF No. 13.) Pursuant to Federal Rule of Civil Procedure 41(a)(1) (hereinafter "Rule 41(a)(1)"):

(a) Voluntary Dismissal.

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal *before* the opposing party serves either an *answer* or a *motion for summary judgment*; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(Emphasis added.)

This action is not subject to Rules 23(e), 23.1(c), 23.2, or 66. In addition, Plaintiff does not require a court order as Defendant has not filed an answer or a motion for summary

5

judgment. Defendant's motion to dismiss does not qualify. *See, e.g., Aamot v. Kassel*, 1 F.3d 441 (6th Cir. 1993) (vacating district court's decision that defendant's motion for failure to state a claim under Rule 12(b)(6) functioned as a motion for summary judgment and precluded plaintiffs from dismissing their complaint without prejudice); *Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003) ("Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion."); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993 (4th Cir. 1997) (Rule 12(b)(6) motion to dismiss for failure to state claim, supported by outside materials, is not converted into a motion for summary judgment until a district court acts to convert the motion by indicating that it will not exclude extraneous materials from its consideration, and hence does not prevent plaintiff's motion for voluntary dismissal.); *Activox, Inc. v. Envirotech Corp.*, 85 F.R.D. 132, 133 (S.D.N.Y. 1980) ("[A] motion to dismiss the complaint pursuant to Rule 12(b)(6) does not bar plaintiff from voluntarily dismissing its action.") Based on the foregoing law, Plaintiff's motion to dismiss does not require this Court's approval. Nonetheless, as Plaintiff has sought the Court's approval rather than filing a Notice of Dismissal, the motion to dismiss without prejudice is granted.

Even if the Court were to construe Plaintiff's motion to dismiss without prejudice under Rule 41(a)(2), which requires court approval "on terms that the court considers proper," Plaintiff's motion would still be granted. "[T]he intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side ...." *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961). Though opposing Plaintiff's request for a dismissal, Defendant has not argued that it would be unfairly prejudiced by a dismissal without prejudice. (ECF No. 14) Rather, Defendant's opposition to Plaintiff's motions focuses

exclusively on the argument that allowing an amendment to the complaint would be futile. *Id*.

> What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm "manifestly prejudicial to the defendant," *Southern Maryland Agricultural Association of Prince George's County v. United States*, 16 F.R.D. 100, 101 (D. Md. 1954); "substantial legal prejudice" to defendant, *Kennedy v. State Farm Mutual Automobile Insurance Company*, 46 F.R.D. 12, 14 (E.D. Ark. 1969); and the loss of any "substantial right," *Durham v. Florida East Coast Railway Company*, *supra*, 385 F.2d at 368. The question is whether the granting of plaintiff's motion "infringes the legal or equitable rights of the defendant as shown by the circumstances and facts conceded or undisputed." *Home Owners' Loan Corporation v. Huffman*, *supra*, 134 F.2d at 318. "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc.*, *supra*, 528 F.2d at 603. The task for the Court then is to determine how the defendants in this action would be affected by a dismissal without prejudice.

*B & J Mfg. Co. v. D.A. Frost Industries, Inc*., 106 F.R.D. 351, 352 (N.D. Ohio 1985) (*quoting Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119-20 (N.D. Ga. 1980)).

Here, while Defendant would potentially suffer a modicum of prejudice from having to respond to a new complaint in the future, this prejudice does not constitute plain legal prejudice. The prospect of defending a second lawsuit on identical issues is insufficient reason to deny a motion to dismiss. *See, e.g., Wakefield v. Children's Hosp., Inc.*, 2009 U.S. Dist. LEXIS 22567, 6-7 (S.D. Ohio Mar. 6, 2009) (citations omitted). Courts have also rejected the argument that the effort and expense involved in defending a lawsuit is sufficient. *Id*. (*citing B & J Mfg.*, 106 F.R.D. at 352). Defendant has removed this action from state court and filed a motion to dismiss. While having to repeat this effort may be inconvenient, this alone is insufficient to warrant a denial of Plaintiff's motion.

### IV. Conclusion

Plaintiff's Motion to Amend the Complaint or, in the alternative, to Dismiss the

7

Complaint without prejudice (ECF No. 13) is granted in part and denied in part. Specifically, the Motion to Amend is DENIED, while the Motion to Dismiss Without Prejudice is GRANTED.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: March 26, 2012